2013 NOV 12 AM 9: 48



# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

JOHN F. KLINKERT,

   Appellant Pro Se,

    v.

WASHINGTON STATE LIQUOR
CONTROL BOARD,

   Respondent.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

No. 69359-0-I

DIVISION ONE

UNPUBLISHED

FILED: November 12, 2013

Cox, J. — A statute is presumed to be constitutional, and the party challenging its constitutionality bears the burden of proving beyond a reasonable doubt its unconstitutionality.[1] Here, John Klinkert fails in his burden to prove beyond a reasonable doubt that the statute authorizing the Liquor Control Board to impose civil penalties for the sale of tobacco to minors is unconstitutional. We affirm.

In March 2011, a Washington State Liquor Control Board ("Board") officer issued a written citation alleging that Walgreen's employee John Klinkert sold tobacco to a minor, and seeking a $100 penalty under RCW 70.55.100. Klinkert contested the citation at an administrative hearing. After a hearing on stipulated facts, an administrative law judge found that Klinkert violated Washington law by selling tobacco to a person under the age of 18 years, contrary to RCW 26.28.080. The judge upheld the $100 penalty pursuant to RCW 70.155.100(3)

---

[1] Madison v. State, 161 Wn.2d 85, 92, 163 P.3d 757 (2007).

and (4)(a). Klinkert petitioned the Board for review. The Board adopted the findings of fact of the administrative law judge and sustained the penalty.

Klinkert sought judicial review in Snohomish County Superior Court, challenging the constitutionality of statutes authorizing the Board to impose civil penalties for violations of RCW 26.28.080, and seeking costs under RCW 4.84.350. The court affirmed the Board's final order and did not award costs.

Klinkert appeals.

## CONSTITUTIONALITY OF STATUTES

The Administrative Procedure Act (APA) governs our review of the Board's final order.[2] We may reverse such an administrative decision if "[t]he order, or the statute or rule on which the order is based, is in violation of constitutional provisions on its face or as applied," or "[t]he order is outside the statutory authority or jurisdiction of the agency conferred by any provision of law."[3] Klinkert bears the burden of demonstrating the invalidity of the Board's action.[4]

We review constitutional challenges to a statute de novo.[5] A statute is presumed to be constitutional, and the party challenging its constitutionality bears the burden of proving beyond a reasonable doubt its unconstitutionality.[6]

RCW 70.155.100 provides in pertinent part:

(3) The liquor control board may impose a monetary penalty upon any person other than a licensed cigarette retailer if the liquor control board finds that the person has violated RCW 26.28.080....

---

[2] Tapper v. Employment Sec. Dep't, 122 Wn.2d 397, 402, 858 P.2d 494 (1993).
[3] RCW 34.05.570(3)(a) & (b).
[4] RCW 34.05.570(1)(a).
[5] City of Bothell v. Barnhart, 172 Wn.2d 223, 229, 257 P.3d 648 (2011).
[6] Madison, 161 Wn.2d at 92.

(4) The monetary penalty that the liquor control board may impose based upon one or more findings under subsection (3) of this section may not exceed the following: (a) For violation of RCW 26.28.080 ... fifty dollars for the first violation and one hundred dollars for each subsequent violation ....

(8) All proceedings under subsections (1) through (6) of this section shall be conducted in accordance with chapter 34.05 RCW.

RCW 26.28.080 provides in pertinent part: "Every person who sells or gives, or permits to be sold or given to any person under the age of eighteen years any cigar, cigarette, cigarette paper or wrapper, or tobacco in any form is guilty of a gross misdemeanor."

Noting that RCW 26.28.080 defines a crime, Klinkert argues that the challenged sections of RCW 70.155.100, by allowing the Board to adjudicate alleged violations of a criminal statute under the APA, violate the right to a jury trial in "criminal prosecutions" guaranteed by the state and federal constitutions.[7] He further argues that RCW 70.155.100 is unconstitutional because it purports to "transform RCW 26.28.080, a criminal statute, into a mere administrative (or civil) violation simply by stating that an alleged violation of a criminal statute (here, RCW 26.28.080, a gross misdemeanor) can be adjudicated by an administrative agency, or the Office of Administrative Hearings, under the APA."

But Klinkert cites no relevant authority to support his claims and his analysis is incorrect. Contrary to Klinkert's unsupported assertions, nothing in the state or federal constitution prevents the Legislature from providing for civil monetary penalties by referring to a statute defining particular conduct as a

---

[7] Const. art. I, § 22; U.S. Const. amend. VI.

3

criminal offense.[8] RCW 70.155.100 does not provide for or result in an adjudication of a criminal offense in an administrative agency proceeding. The Board assesses civil penalties in civil proceedings based on conduct that is also subject to separate criminal proceedings. There is no right to a jury trial or other constitutional guaranties that he asserts under these circumstances.

The Board issued a citation to Klinkert listing the following options on the back under the title "Administrative Violation Process:" (1) pay the monetary penalty to the Board; (2) request a settlement conference with a Board representative; or (3) request a formal administrative hearing. Although the citation refers to RCW 26.28.080, indicating the alleged violation involved sale of tobacco products to a minor, it does not include any reference to a criminal charge, a prosecuting authority, or criminal court proceedings. Moreover, the citation refers only to a $100 penalty under RCW 70.155.100 for an "employee making sale." Following the administrative procedure, the Board entered a final order directing Klinkert to pay the $100 monetary penalty within 30 days. Klinkert does not allege or demonstrate that the Board's administrative procedure here resulted in a criminal conviction or the imposition of a criminal sentence.[9] Under these circumstances, Klinkert fails to establish any constitutional violation or any agency action without authority.

---

[8] See, e.g., Winchester v. Stein, 135 Wn.2d 835, 852-53, 856, 959 P.2d 1077 (1998) (the fact that same conduct leading to civil monetary sanction is also criminal in nature is insufficient to prevent imposition of civil sanctions under the criminal profiteering act on double jeopardy grounds).

[9] RCW 26.28.080 defines the crime of selling tobacco to minors as a gross misdemeanor and RCW 9.92.020 provides for punishment of imprisonment of up to 364 days or a fine up to $5,000, or both, for a person "convicted of a gross misdemeanor."

**COSTS**

Klinkert next contends he is entitled to costs under RCW 4.84.350, which provides for an award of fees and expenses to "a qualified party that prevails in a judicial review of an agency action," subject to an exception that is not relevant here. Because Klinkert has not prevailed, he is not entitled to an award of costs.

We affirm the Findings of Fact, Conclusions of Law and Order for Judgment. We deny his request for costs.

_Cox, J._

WE CONCUR:

_Leach, C.J._          _Appelwick, J._

5